UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Florida Department of Financial Services as
Receiver for St. Johns Insurance Company, Inc.
as subrogee for Michael McCracken and
Natasha Ruse,

    Plaintiff,

v.                                                      Case No. 2:23-cv-0048-JLB-KCD

Trane US Inc., and Island Aire of Southwest
Florida, Inc.,

    Defendant.

## AMENDED COMPLAINT

Plaintiff, St. Johns Insurance Company, Inc. ("St. Johns"), appears through counsel as subrogee of Michael McCracken and Natasha Ruse ("Insured") and sues Trane US, Inc. and Island Aire of Southwest Florida, Inc., stating:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages greater than seventy-five thousand dollars ($75,000.00) exclusive of interest, costs, and attorney's fees.

2. Plaintiff, St. Johns Insurance Company, Inc., is a corporation properly registered with the Florida Department of Insurance to transact business as an insurance carrier in the State of Florida.

3. The Florida Department of Financial Services is acting receiver for St. Johns Insurance Company, Inc.

4. Defendant, Trane US, Inc.(hereinafter "Trane"), is a Delaware defendant registered to transact business in the State of Florida. It is engaged in the business of designing, manufacturing, assembling, producing, importing, testing, inspecting, marketing, advertising, supplying, and distributing HVAC systems.

5.	Defendant, Island Aire of Southwest Florida, Inc. (hereinafter "Island Aire"), is an incorporated Florida business (Doc. No. P07000106262) registered to transact business in the State of Florida.

6.	Venue is proper in this Court because the acts and/or omissions which form the basis of this lawsuit occurred in Lee County, Florida.

## GENERAL ALLEGATIONS

7.	At all times relevant to this action, the Insured owned the real property at 9183 Estero River Circle, Estero, FL 33928 ("Insured Property").

8.	At all times relevant to this action, the Insured Property was insured by St. Johns Policy No. SJ31146999 ("Policy"). A copy of the Policy declaration is attached as **Exhibit A** and a full copy of the Policy is available upon request.

9.	At all times relevant to this action, the Insured owned a Trane HVAC Unit, Model #TEM6AOC36H31SAA, Serial #172651FM3V (hereinafter "HVAC Unit".

10.	The HVAC Unit, and each of its component parts was designed, manufactured, assembled, produced, supplied, tested, inspected, imported and/or distributed by, or under the direction and control of Trane US, Inc and/or Island Aire.

11.	The HVAC Unit was distributed, supplied, sold, or otherwise transferred by Trane US, Inc. and/or Island Aire.

12.	Trane US, Inc. and/or Island Aire placed the HVAC Unit into the stream of commerce and sold the HVAC Unit to the Insured.

13.	On or about 5/9/2021 the HVAC Unit failed under normal operating conditions and, as a direct and proximate result, the Insured Property suffered damage.

14. The defect in the product, motor blower, that caused the loss was unreasonably dangerous and existed both at the time of the loss and at the time the product was within the possession of the manufacturer.

15. St. Johns determined the damage was a covered loss under the Policy and indemnified the Insured as required by the Policy.

16. St. Johns made payments to its Insured pursuant to the Policy.

17. St. Johns did not act as a volunteer in making the payments and St. Johns was not primarily liable for the debt. St. Johns made the payments in order to protect its own interest.

18. Pursuant to Florida law, St. Johns is subrogated to the rights of its Insured to the full extent of its payments and its Insured's deductible.

19. St. Johns has fully indemnified its insured by virtue of payments totaling $206,472.55.

20. St. Johns is entitled to recover $206,472.55, any supplemental payments, interest, and costs of this action.

21. Permitting St. Johns to seek recovery for its payments works no injustice to the right of any third-party.

22. All conditions precedent to bringing this action have been satisfied or waived.

### COUNT I – STRICT LIABILITY - TRANE

23. The allegations in each above paragraph are realleged herein.

24. Trane designed, manufactured, assembled, produced, supplied, tested, and inspected the HVAC Unit and otherwise placed the product into the stream of commerce.

25. The HVAC Unit, including but not limited to its blower motor, is defective in its design, manufacture, and/or warning.

26. The defects in the HVAC Unit actually and proximately caused the injury and damage to the Insured Property.

27. The HVAC was not materially altered in any way which would affect the dangerous conditions caused and created by Trane.

28. The subject HVAC was operated in its normal and intended use.

29. St. Johns paid to repair and remediate the damage and is entitled to recover to the extent of its payments under the Policy, including but not limited to, all payments for remediation, mitigation, dwelling repair, personal property, and loss of use.

WHEREFORE the Plaintiff, St. Johns Insurance Company, Inc., respectfully requests this Court enter judgment in its favor, and against Trane, for the full damage incurred, including all payments for remediation, mitigation, dwelling repair, personal property, loss of use, interest, and costs of this action.

## COUNT II – NEGLIGENCE - TRANE

30. The allegations of paragraphs 1 – 22 are realleged herein.

31. Trane designed, manufactured, assembled, produced, supplied, tested, and inspected the HVAC Unit and otherwise placed it into the stream of commerce.

32. Trane designed, manufactured, assembled, produced, supplied, tested, and inspected the blower motor in the HVAC Unit and otherwise placed it into the stream of commerce.

33. Trane owed a duty of care to the Insured to not place the HVAC Unit into the stream of commerce while in a defective condition.

34. Trane owed a duty of care to the Insured to adequately test, inspect, and ensure the quality of the HVAC Unit before placing it into the stream of commerce.

35. Trane owed a duty of care to the Insured to adequately test, inspect, and ensure the quality of the blower motor in the HVAC Unit before placing it into the stream of commerce.

36. Trane owed a duty of care to the Insured to remedy the defective condition(s) of the HVAC Unit or to adequately warn or protect the Insured from the defective condition(s) after it left defendant's final possession, custody, and control.

37. Trane owed a duty of care to the Insured to remedy the defective condition(s) of the blower motor in the HVAC Unit or to warn or protect the Insured from the defective condition of the blower motor after the HVAC Unit left defendant's final possession, custody, or control.

38. Trane owed a duty of care to the Insured to not place the blower motor in the HVAC Unit into the stream of commerce while in a defective condition.

39. Trane breached the above duties of care.

40. Trane's breaches of the above duties of care actually and proximately caused injury and damage to the Insured Property.

WHEREFORE the Plaintiff, St. Johns Insurance Company, Inc., respectfully requests this Court enter judgment in its favor, and against Trane, for the full damage incurred, including all payments for remediation, mitigation, dwelling repair, personal property, loss of use, the insured's deductible, interest, and costs of this action.

### COUNT III – STRICT LIABILITY - ISLAND AIRE

41. The allegations of paragraphs 1 – 22 are realleged herein.

42. Island Aire is in the business of importing, marketing, and selling HVAC Unit and associated merchandise to consumers.

43. Island Aire specifically sold the HVAC Unit, including but not limited to its blower motor, that is the subject of this lawsuit on November 16, 2022.

44. At the time of sale, the HVAC Unit was in a defective condition unreasonably dangerous to the user or consumer or to his property.

45. The HVAC Unit was expected to, and did, reach the end user or consumer without substantial change in the condition in which it was sold.

46. As a direct and proximate result of the defective and unreasonably dangerous condition of the HVAC Unit, the product failed and the Insured Property, and personal property thereon, suffered damage.

47. St. Johns paid to repair and remediate the damage and is entitled to recover to the extent of its payments under the Policy, including but not limited to, all payments for remediation, mitigation, dwelling repair, personal property, and loss of use.

WHEREFORE the Plaintiff, St. Johns Insurance Company, Inc., respectfully requests this Court enter judgment in its favor, and against Island Aire, for the full damage incurred, including all payments for remediation, mitigation, dwelling repair, personal property, loss of use, interest, and costs of this action.

### COUNT IV – NEGLIGENCE – ISLAND AIRE

48. The allegations of paragraphs 1 – 22 are realleged herein.

49. Island Aire installed the HVAC Unit at the subject property and owed a duty of care to perform installation pursuant to the requirements of the installation instructions for the HVAC Unit, pursuant to the national, state, and local standards for installation of an HVAC Unit, and to perform their work in a good and workmanlike manner.

50. Island Aire also owed a duty of care to the Insured to adequately test, inspect, and ensure the quality of the HVAC Unit.

51. Island Aire breached the above duties of care.

52. Island Aire's breaches of the above duties of care actually and proximately caused injury and damage to the Insured Property.

WHEREFORE the Plaintiff, St. Johns Insurance Company, Inc., respectfully requests this Court enter judgment in its favor, and against Island Aire, for the full damage incurred, including all payments for remediation, mitigation, dwelling repair, personal property, loss of use, the insured's deductible, interest, and costs of this action.

Respectfully submitted on April 12, 2023.

BROWN LAW FIRM, PL
1540 Int'l Pkwy., Ste. 2000
Lake Mary, FL 32746
Phone: (407) 347-4908
Service: Service@BLFFL.com

/s/ Tyler Brown
Fla. Bar No. 90932
TBrown@BLFFL.com

**Homeowners Policy Declaration Change**

6675 Westwood Blvd., Suite 360
Orlando, FL 32821

Customer Service: 1-800-748-2030
Claim Reporting: 1-877-748-2059

| | | | |
|---|---|---|---|
| **Policy Number:** | SJ31146999 | **Policy Effective Date:** | 07/22/2020 |
| **Process Date:** | 07/27/2020 6:37 AM | **Policy Expiration Date:** | 07/22/2021 12:01 AM at property address |

**Named Insured and Mailing Address:**
Michael McCracken
Natasha Ruse
9183 Estero River Cir
Estero, FL 33928-4416

**Phone Number:** ███
**Email Address:** ███

**Agency:** 9972958
Responsive Insurance Inc
**Address:**
2950 Immokalee Rd Ste 4
Naples, FL 34110

**Phone Number:** (239)596-3177
**Email Address:** matt@responsiveinsurance.com

**Change Reason(s):** Amend Mortgagee
**Change Effective:** 7/22/2020
**Additional/Return Premium:** $0.00

In return for the payment of premium, coverage is provided where premium and limit of liability are shown. Flood coverage is not provided by this policy.

**Location(s) of Property Insured:** 9183 Estero River Cir
Estero, FL 33928-4416

**Property Characteristics:**

| | | | | | |
|---|---|---|---|---|---|
| **Form:** | HO-3 | **Protection Class:** | 02 | **BCEG:** | 04 |
| **Rating Tier:** | Preferred | **Construction Type:** | Masonry Veneer | **Occupancy:** | Owner |
| **Territory:** | 554 - Lee - Remainder | **Month/Year Built:** | 01/2005 | **Usage:** | Primary |
| **County:** | 0071-Lee County | **Structure Type:** | Dwelling | **Number of Families:** | 1 Family |
| **Burglar Alarm:** | None | **Fire Alarm:** | None | **Automatic Sprinklers:** | None |
| **Roof Year:** | 2005 | | | | |

**Mitigation Characteristics:**

| | | | |
|---|---|---|---|
| **Building Code Indicator:** | 2001 FBC - Built 03/2002 or later (A) | **Opening Protection:** | All Exterior Openings Lg Missile 9lb (A) |
| **Roof Cover and Attachment:** | 2001 FBC or roof permit 3/2002 or later (A) | **Secondary Water Resistance:** | SWR (A) |
| **Roof Deck Attachment:** | 8d @ 6"/6" or Dimensional Lumber (C) | **Roof Geometry:** | Hip Roof (A) |
| **Roof Wall Connection:** | Single Wraps (C) | **Gable End Bracing:** | |

**Hurricane Deductible: 2% = $ 10,955**
**All Other Peril Deductible: $2,500**

AUTHORIZED COUNTERSIGNATURE

**EXHIBIT A**
Brown Law Firm, PL

Insured Copy

07/27/2020
SJDEC 05 11

Page 1 of 4



**Homeowners Policy Declaration Change**

6675 Westwood Blvd., Suite 360  
Orlando, FL 32821

Customer Service: 1-800-748-2030  
Claim Reporting: 1-877-748-2059

| | | | |
|---|---|---|---|
| **Policy Number:** | SJ31146999 | **Policy Effective Date:** | 07/22/2020 |
| **Process Date:** | 07/27/2020 6:37 AM | **Policy Expiration Date:** | 07/22/2021 12:01 AM at property address |

**Policy Premium:**         **Fees/Assessments:**         **Total Annual Premium:**

IN CASE OF LOSS WE COVER ONLY THAT PART OF THE LOSS OVER THE DEDUCTIBLE AMOUNT.  
PLEASE SEE IMPORTANT NOTICES ON PAGE 3.

| Coverage | Limit | Premium |
|---|---:|---|
| Coverage A - Dwelling | $547,740 | |
| Coverage B - Other Structures | $10,955 | |
| Coverage C - Personal Property | $153,367 | |
| Coverage D - Loss Of Use | $54,774 | |
| Coverage E - Personal Liability | $500,000 | |
| Coverage F - Medical Payments | $5,000 | |
| | **Total Basic Premium:** | |

| Additional Coverages/Endorsements/Exclusions | | Limit | Premium |
|---|---|---:|---|
| SJ J1 | 08 09 - Homeowners Policy Jacket | | |
| SJ PRV | 08 09 - Privacy Notice | | |
| SJ OC | 12 11 - Outline of Coverage - Homeowners Policy | | |
| SJ HO 100 | 01 20 - Special Provisions - Florida | | |
| SJ HO 101 | 02 16 - Animal Liability Exclusion | | |
| SJ HO 105 | 04 15 - Home Day Care Exclusion | | |
| SJ HO 160 | 05 11 - Catastrophic Ground Cover Collapse | | |
| SJ DO | 10 05 - Deductible Options Notice | | |
| HO 00 03 | 10 00 - Homeowners 3 - Special Form | | |
| SJ HO LO | 10 05 - Important Information Regard Law and Ordinance | | |
| OIR-B1-1655 | 02 10 - Notice Premium Discount for Hurricane Loss Mitigation | | |
| OIR-B1-1670 | 01 06 - Checklist of Coverages | | |
| IL P 001 | 01 04 - OFAC Advisory Notice | | |
| SJ HO 120 | 12 03 - Existing Damage Exclusion Endorsement | | |
| SJ HO 04 35 | 05 08 - Loss Assessment Coverage | $2,000 | |
| SJ HO 04 90 | 05 08 - Personal Property Replacement Cost | | |
| SJ HO 23 94 | 07 12 - Sinkhole Coverage | | |
| SJFL HO SLE | 01 17 - Service Line Enhancement | $10,000 | |
| SJ HO EB | 01 17 - Equipment Breakdown | $100,000 | |
| HO 03 34 | 05 03 - Limited Fungi, Wet or Dry Rot or Bacteria Coverage Sec II Liability | | |
| HO 03 51 | 01 06 - Calendar Year Hurricane Deductible | | |
| HO 05 99 | 05 03 - Water Backup and Sump Discharge or Overflow | $5,000 | |
| HO 24 83 | 05 03 - Personal Injury | | |
| | **Total Endorsement Premium:** | | |

Insured Copy

SJDEC 05 11



**Homeowners Policy Declaration Change**

6675 Westwood Blvd., Suite 360
Orlando, FL 32821

Customer Service: 1-800-748-2030
Claim Reporting: 1-877-748-2059

| | | | |
|---|---|---|---|
| **Policy Number:** SJ31146999 | | **Policy Effective Date:** | 07/22/2020 |
| **Process Date:** 07/27/2020 6:37 AM | | **Policy Expiration Date:** | 07/22/2021 12:01 AM at property address |

**Discounts and Surcharges**                                                                 **Premium**

Mitigation Credit

Total Discounts and Surcharges:

**Fees and Assessments**

Emergency Management Trust Fund Surcharge
MGA Policy Fee

Total Fees And Assessments:

**Hurricane Premium sub-total:**                **Non-Hurricane Premium sub-total:**

**Total Premium:**

**MORTGAGEE(S):**

| **Name and Address:** | Lakeview Loan Servicing LLC, |
| | Isaoa/Atima C/O Loancare, LLC. |
| | P.O. Box 202049 |
| | Florence, SC 29502-2049 |

| **Assigned To:** | 9183 Estero River Cir, Estero, FL, 33928-4416 | **Interest Type:** | Mortgagee |
| **Reference #:** | 0044685600 | **Rank:** 1 | **Payor:** | No |
| **Remarks:** | | | |

**OTHER INTEREST(S):**
**None**

## NOTICES

THIS REPLACES ALL PREVIOUSLY ISSUED POLICY DECLARATIONS, IF ANY. THIS POLICY APPLIES ONLY TO ACCIDENTS, OCCURRENCES, OR LOSSES WHICH HAPPEN DURING THE POLICY PERIOD SHOWN ABOVE.

A rate adjustment of 5.8% is included to reflect building code grade in your area. Adjustments range from 2% surcharge to 14% credit.

A rate adjustment of 76% credit is included to reflect the Windstorm Mitigation Device Credit. This credit applies only to the wind portion of your premium. Adjustments range from 0% to 90% credit.

### LAW AND ORDINANCE: LAW AND ORDINANCE COVERAGE IS AN IMPORTANT COVERAGE THAT YOU MAY WISH TO PURCHASE. PLEASE DISCUSS WITH YOUR INSURANCE AGENT.

Insured Copy                                                                                                  SJDEC 05 11



**Homeowners Policy Declaration Change**

6675 Westwood Blvd., Suite 360
Orlando, FL 32821

Customer Service: 1-800-748-2030
Claim Reporting: 1-877-748-2059

| **Policy Number:** SJ31146999 | **Policy Effective Date:** 07/22/2020 |
|---|---|
| **Process Date:** 07/27/2020 6:37 AM | **Policy Expiration Date:** 07/22/2021 12:01 AM at property address |

# FLOOD INSURANCE: YOU MAY ALSO NEED TO CONSIDER THE PURCHASE OF FLOOD INSURANCE. YOUR HOMEOWNERS INSURANCE POLICY DOES NOT INCLUDE COVERAGE FOR DAMAGE RESULTING FROM FLOOD EVEN IF HURRICANE WINDS AND RAIN CAUSED THE FLOOD TO OCCUR. WITHOUT SEPARATE FLOOD INSURANCE COVERAGE, YOU MAY HAVE UNCOVERED LOSSES CAUSED BY FLOOD. PLEASE DISCUSS THE NEED TO PURCHASE SEPARATE FLOOD INSURANCE COVERAGE WITH YOUR INSURANCE AGENT.

# THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.

Insured Copy

SJDEC 05 11